

FILED

JAN 1 7 2006

U.S. BANKRUPTCY COURT
BY_____ DEPUTY

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | No. 05-17627 FRM |
| JOHN ASHER THOMPSON, JR. | § | CHAPTER 7 PROCEEDING |

| | | |
|---|---|---|
| C. R. LUIGS, | § | |
|     Plaintiff | § | ADV. NO. 06-1026 FM |
| v. | § | |
| | § | # 350.⁰⁰ pd. |
| JOHN ASHER THOMPSON, JR., | § | |
|     Defendant | § | |

**ORIGINAL COMPLAINT OF C. R. LUIGS**
**AGAINST DEBTOR JOHN ASHER THOMPSON, JR.**
**PURSUANT TO 11 U.S.C. §727(a),(c)**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

C. R. LUIGS ("Luigs"), Plaintiff, files this Original Complaint against Debtor, JOHN

ASHER THOMPSON, JR., Defendant, pursuant to 11 U.S.C. §727(a) and respectfully states:

**Parties and Jurisdiction**

1.    C. R. Luigs is a creditor and interested party in this case and has his principal

office at 1826 Peaceful Valley Road, Bandera, Texas 78003. C. R. Luigs holds a pre-petition

agreed judgment in intervention against Debtor in the amount of $1,684,878.75 entered in a case

styled *In the Matter of the Marriage of John Asher Thompson, Jr. and Susan Luigs Thompson,*

Cause No. FM4-06069 formerly pending in the 261st Judicial District Court of Travis County,

Texas ("the agreed judgment"). The agreed judgment was signed by the Court on August 19,

2005. A Motion to Sever the agreed judgment from the pending divorce action was filed and an

Agreed Order submitted to the Court, but it is believed that the filing of the bankruptcy petition

by the Debtor may have prevented the agreed judgment being severed into a separate lawsuit

bearing a different style and cause number.

2.     John Asher Thompson, Jr. is an individual who filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 13, 2005.

3.     The Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. § 1334. This proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(J).

## Facts Pertinent to All Counts

4.     Debtor was formerly married to Luigs' daughter, Susan Luigs Thompson. The Thompsons were married on or about September 9, 2000 and were divorced by final decree entered in the same lawsuit in which the agreed judgment was entered. During the course of the marriage, Luigs advanced a sum of money in excess of $700,000.00 to pay debts incurred by Debtor and his wife. The debts paid with these loans included debts owed (a) to the Internal Revenue Service, (b) for property taxes due and owing on real property owned by Debtor and his wife, (c) for debts incurred by the Debtor in the operation of his business, and (d) on credit card charges incurred by the parties to the marriage for support and maintenance of the family unit.

5.     All during the course of the marriage, Debtor earned a substantial income as reflected by his annual tax liabilities in excess of $100,000.00. Debtor was solely responsible for receiving income of the parties to the marriage, depositing such income in accounts which he controlled and paying debts of the marriage. Luigs' daughter disclaims, generally, any direct or personal knowledge of monies earned or received by Debtor during the marriage and what debts, if any, were paid by Debtor from monies received.

6.     Luigs has learned, and upon information believes, that Debtor has been supporting himself in a manner that would require either a significant present income or the existence of a substantial cash reserve.

7.     Luigs, as a judgment creditor, had the right under state law to pursue collection of his judgment which included, but was not limited to, the discovery of potential assets to pay the judgment. Luigs intended to conduct an inquiry under applicable state rules of court which would have allowed him to examine the Debtor on his financial affairs during the course of the marriage. Debtor's bankruptcy petition precluded Luigs from pursuing that inquiry.

8.     Debtor's reported financial earnings during the course of his marriage to Luigs' daughter, coupled with the large amount of community debt paid by Luigs on behalf of Debtor and his daughter and Debtor's current lifestyle, lead Luigs to believe that the possibility exists that Debtor may have secreted income, money, or other property during the course of the marriage to his daughter and prior to the filing of the Debtor's Petition in Bankruptcy which were not disclosed in the Debtor's Bankruptcy Schedules. If so, the Debtor has acted with an intent to hinder, delay, or defraud Luigs, a creditor, by concealing assets from creditors of which Luigs is the principal one.

## First Count – U.S.C. § 727(a)(2)

9.     C. R. Luigs incorporates by reference the foregoing paragraphs one through eight inclusive as though they were set forth verbatim.

10.     As demonstrated by the facts set forth above, the Debtor may have transferred or concealed property with an intent to hinder, delay, or defraud his creditors within one year of his filing of his bankruptcy petition. Further inquiry as permitted under the rules of court during an adversary proceeding will permit Luigs to determine whether or not the Court should deny the Debtor a discharge pursuant to 11 U.S.C. § 727(a)(2).

3

## Second Count – 11 U.S.C. § 727(a)(3)

11.     Luigs incorporates by reference the foregoing paragraphs one through ten inclusive as though they were set forth verbatim.

12.     The Debtor may have concealed, destroyed, mutilated, falsified, or failed to keep or preserve information, including books, documents, records and papers, from which the Debtor's financial condition or business transactions might be ascertained.

13.     If so, the Court should deny the Debtor a discharge pursuant to 11 U.S.C. § 727(a)(3).

## Third Count – 11 U.S.C. § 727(a)(4)

14.     Luigs incorporates by reference the foregoing paragraphs one through thirteen inclusive as though they were set forth verbatim.

15.     The Debtor may have failed to disclose the existence of assets in his bankruptcy schedules.

16.     If so, the Court should deny the Debtor a discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

## Fourth Count – 11 U.S.C. § 727(c)

17.     Alternatively, Luigs, as a party in interest, objects to the granting of a discharge under 11 U.S.C. § 727(a) and requests the Court to order the Trustee to examine the acts and conduct of the Debtor to determine whether or not the Debtor secreted and/or concealed and/or failed to report the existence of assets as alleged hereinabove, thereby creating grounds for the denial of a discharge.

18.     Luigs seeks recovery of attorneys' fees incurred in the prosecution of this Adversary Proceeding under applicable rule or law.

4

## Jury Demand

Luigs demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, C. R. Luigs requests that the Court deny

Debtor John Asher Thompson, Jr. a discharge from any of his debts. Luigs further requests that

the Court grant such other and further relief as may be just under the circumstances.

Respectfully submitted this 13th day of January, 2006.

ELMS ♦ HARMON ♦ MACCHIA, LLC
7800 IH 10 West, Suite 600
San Antonio, Texas 78230
(210) 349-8888
Fax: (210) 349-8805

By:_____
JONATHAN YEDOR, OF COUNSEL
State Bar No. 22151400
ATTORNEY FOR C. R. LUIGS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was sent by regular mail to the following on this the 13th day of January, 2006.

_____
Jonathan Yedor

| Ronald E. Ingalls | Joseph D. Martinec |
|---|---|
| U.S. Bankruptcy Trustee | Martinec Winn Vickers & McElroy, P.C. |
| P. O. Box 684903 | 919 Congress Ave., Suite 1500 |
| Austin, Texas 78768 | Austin, Texas 78701 |
| John A. Thompson, Jr. | U.S. Trustee |
| 1512 Mohle Drive | 903 San Jacinto Blvd., Room 230 |
| Austin, Texas 78703 | Austin, Texas 78701 |

G:\Jamie\Client Files\Luigs, C.R.--16061\Adversary Proceedgs-Thompson\LUIGS ORIG.COMPLAINT.doc

| B 104<br>(Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only)<br>**06-1026FM** |
|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| C. R. Luigs | John Asher Thompson, Jr. |

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Elms Harmon Macchia<br>7800 IH 10 West, Suite 600<br>San Antonio, TX 78230<br>(210) 349-8888 | ATTORNEYS (If Known)<br>Joseph D. Martinec   (512) 476-0750<br>Martinec, Winn, Vickers & McElroy<br>919 Congress Ave., Suite 1500<br>Austin, Texas 78701 |
|---|---|

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Objection to the dischargeability of a debt pursuant to 11 U.S.C. Section 727(A), 28 U.S.C. Section 1334 and 28 U.S.C. Section 157(b)(2)(j) on the basis of assets concealed and not disclosed in bankruptcy schedules filed.

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | |
|---|---|---|
| ☐ 454 To Recover Money or Property | ☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan | ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action |
| ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523 | |
| ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 To obtain an injunction or other equitable relief | ☐ 459 To determine a claim or cause of action removed to a bankruptcy court |
| ☒ 424 To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan | ☐ 498 Other (specify) |

| **ORIGIN OF PROCEEDINGS**<br>(Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND<br>$ 1,684,878.75 | OTHER RELIEF SOUGHT | ☒ JURY DEMAND<br>Check only if demanded in complaint |
|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>John Asher Thompson, Jr. | BANKRUPTCY CASE NO.<br>05-17627 FRM | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Texas | DIVISIONAL OFFICE<br>Austin Division | NAME OF JUDGE<br>Frank R. Monroe |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only.) | ☒ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE<br>January 13, 2006 | PRINT NAME<br>Jonathan Yedor | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|